**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| HARCOSEMCO LLC,<br><br>Plaintiff,<br><br>v.<br><br>HERBER AIRCRAFT SERVICE INC.,<br><br>Defendant. | Case No.: 2:23-cv-02717-AB-MAAx<br><br>**COMPETING PROPOSED VERIDCT FORMS**<br><br>Judge: Hon. André Birotte Jr.<br><br>Trial Date: July 7, 2025 at 10:00 a.m.<br>Final Pre-Trial: June 13, 2025 |

Pursuant to the Court's Order (ECF 43 at II.A.5), the parties hereby provide their competing proposed jury verdict forms, followed by the basis for the parties' positions.

## I. HARCOSEMCO VERSION

**Instructions:** When answering the following questions and filling out this Verdict Form, please follow the directions provided throughout the form. Your answer to each question must be unanimous. Some of the questions contain legal terms that are defined and explained in detail in the Jury Instructions. Please refer to the Jury Instructions if you are unsure about the meaning or usage of any legal term that appears in the questions below.

We, the jury, unanimously agree to the answers to the following questions and return them under the instructions of this court as our verdict in this case.

**QUESTION 1:**

Has HarcoSemco proven that it is more likely than not that Herber willfully infringed the '741 patent?

*Check "Yes" or "No"*

*"Yes" is a finding for HarcoSemco. "No" is a finding for Herber.*

Yes _____   No _____

***After you have answered Question 1, you may proceed to Question 2***

**FINDINGS ON TRADE SECRET CLAIMS**

**QUESTION 2:**

Do you find that HarcoSemco proved that it possessed one or more trade secret(s) that was/were misappropriated by Herber?

*Check "Yes" or "No"*

*"Yes" is a finding for HarcoSemco. "No" is a finding for Herber.*

Yes _____   No _____

***If you answered "Yes" proceed to Question 3. If you answered "No" proceed to the final page of this form.***

**QUESTION 3:**

Do you find that HarcoSemco has proven by clear and convincing evidence that Herber's misappropriation of the trade secret(s) was willful and malicious?

*Check "Yes" or "No"*

*"Yes" is a finding for HarcoSemco. "No" is a finding for Herber.*

Yes _____   No _____

3

JURY VERDICT FORM
4906-2287-3923, v.9

**QUESTION 4:**

State the amount by which Herber has been unjustly enriched by virtue of misappropriating the trade secrets that you identified as having been misappropriated in Question 3.

$_____ (amount expressed in numbers)

*Upon entering an amount above, proceed to the following page*

You have now reached the end of the verdict form and should review it to ensure it accurately reflects your unanimous determinations. The Presiding Juror should then sign and date the verdict form in the spaces below and notify the Courtroom Deputy that you have reached a verdict. The Presiding Juror should retain possession of the verdict form and bring it when the jury is brought back into the courtroom.

Date:_____

By:

_____
Presiding Juror

## II. HERBER VERSION

**Instructions:** When answering the following questions and filling out this Verdict Form, please follow the directions provided throughout the form. Your answer to each question must be unanimous. Some of the questions contain legal terms that are defined and explained in detail in the Jury Instructions. Please refer to the Jury Instructions if you are unsure about the meaning or usage of any legal term that appears in the questions below.

We, the jury, unanimously agree to the answers to the following questions and return them under the instructions of this court as our verdict in this case.

**QUESTION 1:**

Has HarcoSemco proven that it is more likely than not that Herber willfully infringed the '741 patent, considering all facts and assessing Herber's knowledge at the time of the challenged conduct?

*Check "Yes" or "No"*

*"Yes" is a finding for HarcoSemco. "No" is a finding for Herber.*

  Yes _____  No _____

***After you have answered Question 1, you may proceed to Question 2***

**FINDINGS ON TRADE SECRET CLAIMS**

QUESTION 2. Was HarcoSemco the owner of the 2018 CMM that is subject to the misappropriation claim?

_____ Yes        _____ No

If your answer to question 2 is yes, then answer question 3. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

QUESTION 3. Was the 2018 CMM secret at the time of the alleged misappropriation?

_____ Yes        _____ No

If your answer to question 3 is yes, then answer question 4. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

QUESTION 4. Did this 2018 CMM have actual or potential independent economic value because it was secret?

_____ Yes        _____ No

If your answer to question 4 is yes, then answer question 5. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

QUESTION 5. Did HarcoSemco make reasonable efforts under the circumstances to keep the 2018 CMM secret?

_____ Yes        _____ No

If your answer to question 5 is yes, then answer question 6. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

QUESTION 6. Did Herber use the trade secret by improper means?

_____ Yes        _____ No

If your answer to question 6 is yes, then answer question 7. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

QUESTION 7. Was Herber's improper use of the 2018 CMM a substantial factor in causing HarcoSemco harm?

_____ Yes        _____ No

If your answer to question 7 is yes, then answer question 8. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

QUESTION 8. [Affirmative Defense: Statute of Limitations] Did the claimed misappropriation of HarcoSemco's trade secrets occur before April 11, 2020 (the date three years before the complaint was filed)?

_____ Yes        _____ No

If your answer to question 8 is yes, then answer question 9.  If you answered no, then answer question 10.

QUESTION 9. [Affirmative Defense: Statute of Limitations] Did HarcoSemco prove before April 11, 2020 (the date three years before the complaint was filed) that

it did not discover, nor with reasonable diligence should have discovered, facts that would have caused a reasonable person to suspect that Herber had misappropriated the 2018 CMM?

_____ Yes        _____ No

If your answer to question 9 is yes, then answer question 10. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

QUESTION 10. [Affirmative Defense: Failure to State a Claim- Trade Secret Claim] Was Herber the sort of repair station to whom the FAA regulations require ICAs to be made available?

_____ Yes        _____ No

If your answer to question 10 is yes, stop here, answer no further questions, and have the presiding juror sign and date this form.  If you answered no, then answer question 11.

QUESTION 11. [Affirmative Defense: Readily Ascertainable]   Were the alleged trade secrets readily ascertainable by proper means at the time of the alleged use?

_____ Yes        _____ No

If your answer to question 11 is yes, stop here, answer no further questions, and have the presiding juror sign and date this form.  If your answer to question 11 is no, then answer question 12.

QUESTION 12. [Affirmative Defense: Estoppel]   Was it reasonable for Herber to rely on HarcoSemco compliance with the FAA regulations that require ICAs to be made available?

_____ Yes        _____ No

9

If your answer to question 12 is yes, then answer question 13.  If your answer to question 12 is no, then answer question 14.

QUESTION 13. [Affirmative Defense: Estoppel]   Are HarcoSemco's damages in this case attributable to Herber's reliance on HarcoSemco compliance with the FAA regulations that require ICAs to be made available?

_____ Yes       _____ No

If your answer to question 13 is yes, stop here, answer no further questions, and have the presiding juror sign and date this form.  If your answer to question 13 is no, then answer question 14.

QUESTION 14. [Affirmative Defense: Unclean Hands]   Is HarcoSemco's failure to comply with the FAA regulations that require ICAs to be made available, inequitable behavior?

_____ Yes       _____ No

If your answer to question 14 is yes, stop here, answer no further questions, and have the presiding juror sign and date this form.  If your answer to question 14 is no, then answer question 15.

QUESTION 15. What are HarcoSemco's damages?

[a. Past economic loss

    [lost earnings $ _____]

    [lost profits $ _____]

    [other past economic loss $ _____]

[a. Total Past Economic Damages: $ _____]

[b. Future economic loss

    [lost earnings $ _____]

    [lost profits $ _____]

    [other future economic loss $ _____]

[b. Total Future Economic Damages: $ _____]

TOTAL $_____

*Upon entering an amount above, proceed to the following page*

You have now reached the end of the verdict form and should review it to ensure it accurately reflects your unanimous determinations. The Presiding Juror should then sign and date the verdict form in the spaces below and notify the Courtroom Deputy that you have reached a verdict. The Presiding Juror should retain possession of the verdict form and bring it when the jury is brought back into the courtroom.

Date:_____

By:

_____
Presiding Juror

## III. HARCOSEMCO'S POSITION

HarcoSemco's questions are simple, straightforward and to the point. They are also similar to those frequently used by courts around the nation. *See, e.g.*, *BioPoint, Inc. v. Dickhaut*, No. 20-10118-RGS (D. Mass. June 22, 2022), ECF 169.

Herber's questions amount to special interrogatories that are improperly ambiguous, misleading and confusing. *See Mattson v. Schultz*, 145 F.3d 937, 939 (7th Cir. 1998) ("Under Rule 49(a) of the Federal Rules of Civil Procedure, the formulation of special verdict questions is a matter within the discretion of the trial court…Ambiguous, biased, misleading or confusing questions may warrant reversal."). All of Herber's questions are subsumed by HarcoSemco's Question 2, which simply asks whether Herber misappropriated any trade secrets. Herber's proposed questions would need to be asked for each of HarcoSemco's 13 asserted trade secrets and would take days or weeks for the jury to decide. Moreover, the jury will have the instructions with verdict form and will be instructed to consider all the elements of the claims and defenses in rendering its verdict.

Taking each of Herber's questions individually:

**Question 1.** The "considering all facts and assessing Herber's knowledge at the time of the challenged conduct" language proposed by Herber is not necessary for purposes of the jury determining willfulness and is unduly confusing and ambiguous.

13

**Question 2.** The question will be confusing to the jury as "ownership" is understood by courts to be broader than personal ownership. See ECF 86, at 27-28 (HarcoSemco SJ opposition, citing cases).

**Question 3.** The question concerns the 2018 CMM (not the specific trade secrets at issue) and also uses the term "secret," which is vague, undefined and not what is in the statute. See 18 U.S. Code § 1839(3).

**Question 4.** The question concerns the 2018 CMM (not the specific trade secrets at issue) and also does not correctly recite the statutory language. See 18 U.S. Code § 1839(3)(B).

**Question 5.** The question concerns the 2018 CMM (not the specific trade secrets at issue).

**Question 6.** The question concerns the 2018 CMM (not the specific trade secrets at issue) and also misstates the law by not accounting for misappropriation by acquisition. See 18 U.S. Code § 1839(5)(A).

**Question 7.** The question concerns the 2018 CMM (not the specific trade secrets at issue) and also misstates the law by not accounting for misappropriation by acquisition. See 18 U.S. Code § 1839(5)(A). The question also misstates the law by not accounting for Herber's unjust enrichment. *See* 18 U.S. Code § 1836 (b)(3)(i)(II).

**Question 8.** The question is irrelevant because the statute of limitations does not accrue based on the date of misappropriation. *See* 18 U.S. Code § 1836(d).

**Question 9.** The question reversed the burden. It is Herber's burden to prove its affirmative defense. *See Wolf v. Travolta*, 167 F. Supp. 3d 1077, 1091 (C.D. Cal. 2016).

**Question 10.** Failure to state a claim is not an affirmative defense. *Whiting v. City of Palm Desert*, No. EDCV 17-01395 JGB (KKx), 2018 U.S. Dist. LEXIS 226788, at *9 (C.D. Cal. May 17, 2018). The question not relevant to any element of any affirmative defense. The question also contains vague and confusing technical terminology.

**Question 11.** The question is confusing and biased because it omits portions of the jury instruction that further define the language in the question. *See* CACI No. 4420.

**Question 12.** This question unintelligible. It also assumes facts that must be proven at trial and makes legal conclusions regarding FAA requirements.

**Question 13.** This question unintelligible. It also assumes facts that must be proven at trial and makes legal conclusions regarding FAA requirements.

**Question 14.** This question assumes facts that must be proven at trial and legal conclusions, including an alleged failure to comply FAA regulations.

15

**Question 15.** This question relates to actual damages, whereas HarcoSemco is seeking unjust enrichment. The question is thus not relevant.

## IV. HERBER'S POSITION

Herber's proposed Jury Verdict Form is directly based on CACI 4400 et seq.

HarcoSemco's proposed form is grossly oversimplified. Moreover, HarcoSemco failed to identify its trade secrets with particularity, stating in its response to Interrogatory No. 7, that the trade secrets are found in the "entirety" of the 2018 CMM. HarcoSemco's assertion that each proposed question would need to be asked for each of HarcoSemco's 13 asserted trade secrets is incorrect as that list came from HarcoSemco's response to Interrogatory 20 which asked HarcoSemco to identify the portions of the 2018 CMM that HarcoSemco contends were used in the Herber PMA application. In response, just days from the close of discovery, HarcoSemco identified the 13 items found in twenty pages of processes that it claimed were used in the Herber PMA application (this was the subject of the Herber MSJ discussion showing that the twenty pages of processes were not used in the Herber PMA). *See* ECF 80-4 at Page ID 2579 and Dec Andras, ¶ 5, Exhibit D. HarcoSemco still did not identify the trade secrets with particularity.

The CACI based verdict form is appropriate when, as here, the party asserting trade secret misappropriation seeks recovery under CUTSA.

16

Dated: May 30, 2025

**CALFEE, HALTER & GRISWOLD LLP**

/s/ *Todd R. Tucker*

Todd R. Tucker (*Pro Hac Vice*)

Ohio State Bar No. 65617

ttucker@calfee.com

Joshua A. Friedman (*Pro Hac Vice*)

Ohio State Bar No. 91049

jfriedman@calfee.com

The Calfee Building

1405 East Sixth Street

Cleveland, Ohio 44114-1607

Tel. (216) 622-8200

Fax. (216) 241-0816


**RUTAN & TUCKER, LLP**

Ronald P. Oines
California State Bar No. 145016
roines@rutan.com
18575 Jamboree Road, 9th Floor
Irvine, CA 92612
Tel. (714) 641-5100
Fax. (714) 546-9035

*Attorneys for Plaintiff, HarcoSemco LLC*


s/ *Joseph C. Andras*

Joseph C. Andras (Cal. Bar No. 138181)
ja@maablaw.com

Joshua A. Schaul (Cal. Bar No. 251337)
js@maablaw.com
**Myers Andras Ashman Bisol LLP**
19900 MacArthur Boulevard, Suite 530
Irvine, CA 92612
Tel. (949) 223-9600

Jason A. Dickstein (Pro Hac Vice, D.C. Bar No. 486447)
jason@washingtonaviation.com
**Washington Aviation Group PC AND**
**Law Offices of Jason A. Dickstein**
2233 Wisconsin Avenue, NW, Suite 503
Washington, DC 20007
Tel. (202) 628-6777
jason@washingtonaviation.com

*Attorneys for Defendant, Herber Aircraft Service Inc*