UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No.: | 2:23-cv-02717 AB (MAAx) | Date: | June 20, 2025 |
|---|---|---|---|

| Title: | *HarcoSemco, LLC v. Herber Aircraft Service Inc.* |
|---|---|

| Present: The Honorable | **ANDRÉ BIROTTE JR., United States District Judge** |
|---|---|

| Evelyn Chun | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Appearing | None Appearing |

**Proceedings:**   **[In Chambers] Order re Motions in Limine (Dkt. Nos. 96, 97, 98, 110, 115, 116, 117, 118, 119)**

Plaintiff HarcoSemco, LLC ("Plaintiff" or "HarcoSemco") file this patent infringement and trade secret misappropriation action against Defendant Herber Aircraft Service Inc. ("Defendant" or "Herber") on April 11, 2023. *See generally* Complaint, Dkt. No. 1. After resolution of the parties' motions for summary judgment, the only remaining claims are (1) willful patent infringement and (2) trade secret misappropriation. The matter is set for trial beginning on July 7, 2025. *See* Dkt. No. 105. The parties filed several motions *in limine*. The Court heard argument on the parties' motions at the final pretrial conference on June 13, 2025. The Court rules as follows:

- HarcoSemco's Omnibus MIL # 1 re Herber's Invalidity Defense (Dkt. No. 96) is **GRANTED-IN-PART** and **DENIED-IN-PART**.
- HarcoSemco's MIL # 2 re Herber's Trade Secret Defense (Dkt. No. 97) is **DENIED**.
- HarcoSemco's MIL # 3 and 4 re Patent Damages (Dkt. Nos. 98, 110) are **GRANTED**.

- Herber's MIL # 1 re Certain "Improper Means" Evidence and Claims (Dkt. No. 115) is **DENIED-IN-PART** and **GRANTED-IN-PART**.
- HarcoSemco's MIL # 5 re Abandoned Invalidity Positions and Trial Exhibits not Previously Disclosed or Untimely Produced, and that are Irrelevant in Light of the Court's May 21, 2025 Order (Dkt. No. 116) is **DENIED**.
- Herber's MIL # 2 re Certain Evidence and Argument as it Relates to the 2018 CMM's Restrictive Legend because the Legend Violates FAA Regulations (Dkt. No. 117) is **DENIED**.
- Herber's MIL # 3 re HarcoSemco's Failure to Identify Trade Secrets Before or During Discovery (Dkt. No. 118) is **GRANTED-IN-PART** and **DENIED-IN PART**.
- Herber's MIL # 4 re Damages Information that was not Revealed during Fact Discovery (Dkt. No. 119) is **DENIED**.

I.   **MOTIONS *IN LIMINE* ("MILs")**

   A.   HarcoSemco's Omnibus MIL # 1 re Herber's Invalidity Defense (Dkt. No. 96); Herber's Opp. (Dkt. No. 140)

The Court granted summary judgment of no invalidity based on the Older V2500 Harness for many reasons, including a lack of timely and sufficient evidence supporting the theory. Summary Judgment Order, Dkt. No. 146 at 15. This defense is not part of the case. Herber indicates it "does not anticipate introducing its invalidity evidence given the Court granted HarcoSemco's motion for summary judgment of no invalidity." D-Opp., Dkt. No. 140 at 5. However, Herber indicates it seeks to introduce invalidity evidence only to rebut HarcoSemco's claim for willful infringement. *Id.*

The infringer's reasonable belief that the patent-in-suit is invalid can be relevant both in determining willfulness and whether enhanced damages are appropriate. "[C]ulpability is generally measured against the knowledge of the actor at the time of the challenged conduct." *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 579 U.S. 93, 105 (2016). Thus, evidence showing Herber's subjective belief that the '741 Patent was invalid, at the time of the infringement, could be relevant here. However, Herber cannot rely on invalidity defenses it developed during litigation. For this reason, Pearsall's testimony is not relevant. The Court **GRANTS** HarcoSemco's motion as to Pearsall's testimony.

Herber's indicates its good faith belief of invalidity is based on its efforts to reverse engineer HarcoSemco's Older V2500 Harness product, which predates the

'741 Patent. *See* D-Opp. at 7-8. Herber argues that Alvarez can testify as to the reverse engineering effort. *See id*. Whether Alvarez' testimony is probative depends on how knowledgeable he is, his level of experience, and whether he can offer testimony as to Herber's belief during the relevant time period. *See Halo*, 579 U.S. at 111–12 (Breyer, J., concurring) ("[A]n owner of a small firm, or a scientist, engineer, or technician working there, might, without being 'wanton' or 'reckless,' reasonably determine that its product does not infringe a particular patent, or that that patent is probably invalid."). The fact that Alvarez is not an attorney is not dispositive. *See Omega Pats., LLC v. CalAmp Corp.*, 920 F.3d 1337, 1352 (Fed. Cir. 2019).

Because Alvarez could potentially offer invalidity-related testimony for the limited purpose of showing Herber's state of mind at the time of the infringement HarcoSemco's motion is **DENIED** as to Alvarez. The Court will consider further objections as to the appropriateness of Alvarez's testimony during the trial.

B.   HarcoSemco's MIL # 2 re Herber's Trade Secret Defense (Dkt. No. 97); Herber's Opp. (Dkt. No. 142)

HarcoSemco asks the Court to exclude any evidence and argument offered by Herber that it did not use the 2018 CMM, that it had HarcoSemco's permission to use the 2018 CMM, that it legitimately acquired the 2018 CMM, or that it had a right to use the 2018 CMM. *See generally* P MIL 2, Dkt. No. 97.

The scope of HarcoSemco's request is too broad. At most the Court agrees that Herber cannot argue it did not use the 2018 CMM as a defense to HarcoSemco's claim that Herber acquired the 2018 CMM through improper means. Still, Herber may proffer evidence that it legitimately acquired the 2018 CMM, that it had HarcoSemco's permission to acquire the information in the 2018 CMM, or that it had a legal right to possess the information in the 2018 CMM. Herber's use or lack of use of the 2018 CMM may be relevant to these defenses. For example, Herber may argue that it had a legal right to possess the 2018 CMM so that it could use that information to perform maintenance on a part from a type certificated aircraft.

Further, despite HarcoSemco's representations at the summary judgment stage, use of the 2018 CMM is still at issue in this case. HarcoSemco presents a damages theory that depends on Herber's use of the information in the CMM to repair a particular harness. *See* § I.H, *infra*. Accordingly, Herber may argue that it did not use the 2018 CMM to rebut assertions of harm from the trade secret misappropriation and to rebut HarcoSemco's damages position.

For the foregoing reasons, the motion is **DENIED**.

C.     HarcoSemco's MIL # 3 and 4 re Patent Damages (Dkt. Nos. 98, 110); Herber's Opp. (Dkt. No. 143)

HarcoSemco seeks to exclude any evidence or argument disputing the amount of lost profits damages. *See generally* P MIL 1 (updated), Dkt. No. 110. The Court understands HarcoSemco's motion to relate to only the amount of lost profits damages and not the availability of damages. Herber's arguments concerning the availability of damages are not relevant. *See generally* D Opp. Herber does not identify any evidence disputing the amount of damages, such as, for example, a rebuttal expert report. Herber may cross examine HarcoSemco's damages witnesses regarding their methodology and the assumptions they made in computing the amount. Herber may not present independent evidence of the amount of damages. The motion is **GRANTED**.

D.     Herber's MIL # 1 re Certain "Improper Means" Evidence and Claims (Dkt. No. 115); P Opp. (Dkt. No. 132)

At the outset, there does not seem to be any dispute between the parties about the correct legal standard. Both parties agree that HarcoSemco is proceeding under an acquisition-based misappropriation theory and that acquisition must be by improper means to constitute misappropriation. *See* D-MIL 1 at 3; P-Opp. at 2. Herber argues that HarcoSemco omits the "improper means" requirement. *Id*. This is an inaccurate framing of the dispute.

Herber essentially seeks summary judgment that HarcoSemco cannot prevail on its misappropriation claim due to a lack of evidence. This is improper. The Court considered the arguments raised in Herber's motion and found there was a dispute of material fact as to whether Defendant's acquisition of the 2018 CMM was improper. Summary Judgment Order, Dkt. No. 146 at 18. Thus, the ruling relates to issues the Court already decided. Further, motions for summary judgment disguised as motions *in limine* are improper. Scheduling Order, Dkt. No. 43 § II.A.1. For these reasons, the Court largely **DENIES** Herber's motion.

Still, the Court **GRANTS** Herber's motion in one respect. The Court agrees that the language, "black market transaction," is prejudicial. HarcoSemco may not refer to Herber's purchase of the 2018 CMM in this way. HarcoSemco may instead describe the purchase using the terms, "unauthorized," "improper," or similar terms.

  E. HarcoSemco's MIL # 5 re Abandoned Invalidity Positions and Trial Exhibits not Previously Disclosed or Untimely Produced, and that are Irrelevant in Light of the Court's May 21, 2025 Order (Dkt. No. 116); Herber's Opp (Dkt. No. 144)

 Though the Court appreciates that this motion relates to different invalidity theories from the theory presented at summary judgment, the motion still largely duplicates P-MIL # 1, addressed above. *See* § I.A, *supra*. This is especially true given Herber's representation that it would only offer invalidity related evidence to rebut HarcoSemco's claim for willful infringement. The motion is **DENIED** as duplicative.

  F. Herber's MIL # 2 re Certain Evidence and Argument as it Relates to the 2018 CMM's Restrictive Legend because the Legend Violates FAA Regulations (Dkt. No. 117); P Opp. (Dkt. No. 134)

 Herber raised the same issue in its MIL 1, addressed above. *See* § I.D, *supra*. The motion is duplicative and, like Herber's other motion, includes an improper request for summary judgment. Accordingly, the motion is **DENIED**.

  G. Herber's MIL # 3 re HarcoSemco's Failure to Identify Trade Secrets Before or During Discovery (Dkt. No. 118); P Opp. (Dkt. No. 145)

 Herber asks the Court to strike HarcoSemco's California Uniform Trade Secrets Act ("CUTSA") claim because it did "identify the trade secrets with reasonable particularity" before discovery started, as required by Cal. Code Civ. Proc. § 2019.210. *See generally* D MIL 3, Dkt. No. 118. HarcoSemco argues that the summary judgment ruling already addressed this issue and that HarcoSemco served a listing of the trade secrets during the discovery period. *See generally* P Opp., Dkt. No. 145. HarcoSemco further argues that Cal. Code Civ. Proc. § 2019.210 does not apply because it states a procedural requirement, and federal procedural rules govern this case.

 First, HarcoSemco is incorrect about the scope of the summary judgment order. The Court did not consider Herber's argument that HarcoSemco failed to identify the trade secrets because Herber raised that argument for the first time in a reply brief and in response to an unrelated issue. Summary Judgment Order, Dkt. No. 146 at 14. The Court did not make any finding that HarcoSemco adequately

identified its trade secrets. In fact, the Court stated that neither party had filed the trade secret disclosure and that without it, "the Court [was] unable to evaluate Defendant's arguments as to whether the trade secrets are generally known because the Court d[id] not have any indication of the scope of the trade secrets." *Id.* at 19. Relatedly, to the extent the Court recited any trade secrets in the summary judgment motion, this recitation was based on the parties' briefing and characterizations of the trade secrets. It was not, and could not have been, based on the listing because the Court did not have the listing.

Second, HarcoSemco's procedural argument is not correct. "The Ninth Circuit has not decided whether Section 2019.210 must be applied by district courts hearing CUTSA claims, and district courts that have considered the issue have handled the application of Section 2019.210 in various ways." *Masimo Corp. v. Apple Inc.*, No. 8:20-CV-00048-JVS (JDEX), 2020 WL 5223558, at *4 (C.D. Cal. June 15, 2020) (collecting cases). At least some courts in the Ninth Circuit have applied Cal. Code Civ. Proc. § 2019.210 to CUTSA claims. *InteliClear, LLC v. ETC Glob. Holdings, Inc.*, 978 F.3d 653, 658 fn.1 (9th Cir. 2020). In its discretion, the Court applies § 2019.210 to HarcoSemco's CUTSA claim here.

Third, though Herber does not mention the HarcoSemco's federal Defend Trade Secrets Acts ("DTSA") claim in its motion, DTSA claims also require some definition of the asserted trade secrets. *Olaplex, Inc. v. L'Oreal USA, Inc.*, 855 F. App'x 701, 711–12 (Fed. Cir. 2021) ("There is a general requirement that [a] person claiming rights in a trade secret bears the burden of defining the information for which protection is sought with sufficient definiteness to permit a court to apply the criteria for protection . . . and to determine the fact of an appropriation.") (internal citations and quotation omitted).

As directed at the final pretrial conference, HarcoSemco filed the listing of trade secrets it served during discovery. Dkt. No. 148. Herber filed a response (Dkt. No. 149) and HarcoSemco filed a reply (Dkt. No. 150).

HarcoSemco indicates that it "considers the CMM in its entirety a trade secret and marks every page as such." Response to Interrogatory No. 20, Dkt. No. 148-1 at 9. HarcoSemco further explained that "trade secrets in the CMM include size, temperature and force tolerances for parts, testing processes, cleaning processes, maintenance and repair procedures, [] fits and clearances for parts," and "product markings and use of those product markings and measurements required for tooling and tolerances for tooling." *Id*. HarcoSemco disclosed the following list of thirteen "specific examples" of the trade secrets:

| Bates No(s).[1] | Trade Secret(s) |
|---|---|
| has 3100215 | Minimum push-out force |
| has 3100219 | Continuity test procedure (part nos. HAD19669, |
| has 3100223 | Short circuit test procedure (part nos. HAD19669, HAD19824, 25975-000, and 30040-000) |
| has 3100224 | Insulation resistance test procedure (part nos. HAD19669, HAD19824, 25975-000, and 30040-000) |
| has 310025–26 | Testing and Fault probable causes and corrections (part nos. HAD19669, HAD19824, 25975-000, and 30040-000) |
| has 3100227 | Continuity test procedure (part no. 30558-000) |
| has 3100229 | Short circuit test procedure (part no. 30558-000) |
| has 3100230 | Insulation resistance test procedure (part no. 30558-000) |
| has 3100231 | Testing and Fault probable causes and corrections (part no. 30558-000) |
| has 3100234 | Cleaning procedure, including solvent types, cleaning materials and drying air pressure |
| has 3100241–44 | Repair procedure, including binding procedure |
| has 3100247–50 | Repair procedure, including screw torques and other details |
| has 3100253 | Fits and clearances, torque limits |

*Id.*

Plaintiffs asserting claims for trade secret misappropriation must "describe the subject matter of the trade secret with *sufficient particularity* to separate it from matters of general knowledge known in the trade or of special knowledge of those persons . . . skilled in the trade." *InteliClear*, 978 F.3d at 658 (quoting *Imax Corp. v. Cinema Techs.*, 152 F.3d 1161, 1164 (9th Cir. 1998) (emphasis in original)). This means "clearly refer[ring] to tangible trade secret material" as opposed to a "system which *potentially* qualifies for trade secret protection." *Id.* (quoting *Imax*, 152 F.3d at 1167 (emphasis in original)). "Plaintiffs may not simply rely upon 'catchall' phrases or identify categories of trade secrets they intend to pursue at trial." *Id.* (citing 152 F.3d at 1167).

As a threshold matter, Herber's motion is essentially a request for summary judgment that HarcoSemco failed to describe its trade secrets with sufficient clarity.

---

[1] The bates numbers correspond to pages of the 2018 CMM, as filed at Dkt. No. 80-2 (sealed).

Again, motions for summary judgment disguised as motions *in limine* are improper. Scheduling Order, Dkt. No. 43 § II.A.1. Still, to try this claim, the Court and jury need an identification of the asserted trade secrets. *InteliClear*, 978 F. 3d at 658 ("Courts and juries also require precision because . . . the district court or trier of fact will not have the requisite expertise to define what the plaintiff leaves abstract.") (internal citations and quotations omitted). Accordingly, even though Herber's motion is improper and untimely, the Court must still evaluate whether HarcoSemco's disclosure provides enough information to move forward.

Here, HarcoSemco's identification of the entire 2018 CMM is insufficient. The 2018 CMM spans 72 pages. *See generally*, 2018 CMM, Dkt. No. 80-2 (sealed). It provides instructions for repairing and maintaining FAA compliant EGT harnesses "without separating the trade secrets from other information" relevant to the repair and maintenance processes. *InteliClear*, 978 F. 3d at 660 (citations omitted). The Court will not "hunt through the details in search of items meeting the statutory definition." *Id.* (citations omitted). HarcoSemco's general description of the trade secrets is also insufficient. *Id.* (citing 152 F.3d at 1167) ("Plaintiffs may not simply rely upon 'catchall' phrases or identify categories of trade secrets they intend to pursue at trial."); *see also X6D Ltd. v. Li-Tek Corps. Co.*, No. CV 10-2327-GHK (PJWX), 2012 WL 12952726, at *6 (C.D. Cal. Aug. 27, 2012) (finding trade secrets categories such as "battery design criteria," "mechanical design," and "ornamental appearance, color, and material" insufficient).

However, there is at least a triable issue of fact as to whether HarcoSemco disclosed the thirteen exemplary trade secrets with sufficient particularity. *See id*. at 660. Unlike HarcoSemco's general description of the trade secrets, this listing identifies specific procedures and measurements and includes citations to the relevant portions of the 2018 CMM corresponding to the identified procedure or measurement. To prevail, HarcoSemco must still meet its burden to prove that the asserted trade secrets exist at trial. *X6D*, 2012 WL 12952726, at *6 (citing *MAI Sys. Corp. v. Peak Computer, Inc.*, 991 F.3d 511, 522 (9th Cir. 1993). For now, however, because there is at least a fact issue as to whether the identification is sufficient, the jury may decide the issue.

The parties agree that HarcoSemco identified the thirteen exemplary trade secrets during the discovery. *See generally* Dkt. Nos. 148 and 149. CUTSA requires disclosure before discovery begins. Cal. Code Civ. Proc. § 2019.210.[2] Thus,

---

[2] The DTSA does not include an express timing requirement. Thus, the Court does not evaluate whether the identification is timely as to HarcoSemco's DTSA claim.

HarcoSemco's identification is untimely. When a defendant argues that a plaintiff failed to timely identify its trade secrets, Courts generally resolve the issue early in the case. Where the disclosure is insufficient, Courts may order a more detailed disclosure, may stay discovery pending identification of the trade secrets, and may dismiss the claim if the plaintiff fails to identify the trade secrets. *See, e.g.*, *FemtoMetrix, Inc. v. Huang*, No. 822CV01624CJCKES, 2023 WL 6786776, at *2 (C.D. Cal. Sept. 8, 2023); *D.P.I. Labs, Inc. v. DeSmet*, No. CV 22-9119 PA (JEMX), 2023 WL 6373861, at *2 (C.D. Cal. Apr. 19, 2023).

Here, though untimely, the disclosure of the thirteen exemplary trade secrets is sufficient for the case to proceed to trial. Because Herber raised this issue so late in the case, a remedy extending the discovery period would cause significant disruption. Herber also does not explain how the late disclosure of the thirteen exemplary trade secrets caused any harm or prejudice here. Accordingly, in its discretion, the Court declines to impose any sanction based on the untimely disclosure of the asserted trade secrets.

For the foregoing reasons, Herber's motion is **GRANTED** in the sense that HarcoSemco is limited to the thirteen exemplary trade secrets it disclosed. Herber's motion is **DENIED** to the extent it seeks to entirely preclude HarcoSemco's misappropriation claim.

Herber also makes additional arguments about the damages issue in its response. Dkt. No. 149 at 2-4. These arguments should have been made in connection with the motion *in limine* pertaining to damages. *See* § I.H, *infra*. The Court declines to evaluate these arguments.

H.  Herber's MIL # 4 re Damages Information that was not Revealed during Fact Discovery (Dkt. No. 119); P Opp. (Dkt. No. 133)

Herber asks the Court to exclude HarcoSemco's expert report on trade secret misappropriation damages as untimely. *See generally* D MIL 4, Dkt. No. 119. Herber appears to argue that the Court should preclude HarcoSemco's expert, Malkiewicz, from offering a maintenance-related damages opinion because HarcoSemco did not disclose this maintenance theory in its Complaint or Rule 26(a) disclosures. *Id.* In response, HarcoSemco argues that it timely served Malkiewicz's report during the discovery period and that it did not have the evidence needed to support the calculations in Malkiewicz's report at either the time of the Complaint or the Rule 26(a) disclosures. *See generally* P Opp.

Malkiewicz discloses a damages theory based on Herber's profits from repairing a particular harness. *See* Malkiewicz Report, Dkt. No. 75-18 ¶¶ 113-117. The damages theory assumes that Herber used information in the 2018 CMM to perform these repairs. *Id.* HarcoSemco's First Amended Complaint ("FAC") includes allegations relating to acquisition via improper means. These allegations are based on a theory that Herber used or would have wanted to use the alleged trade secrets to manufacture a competing harness. *See* FAC, Dkt. No. 18 ¶¶ 34 and 53. The Court denies Herber's motion on the basis that HarcoSemco did not disclose its theory. The FAC includes allegation related to use, though it does not focus on Herber's repair activity. However, to establish harm for the alleged misappropriation and to recover damages, HarcoSemco will need to prove both that Herber used the information in the 2018 CMM to perform the repair and that Herber improperly acquired the 2018 CMM.

Second, as to the computations, Fed. R. Civ. P. 26(a)(iii) requires "a computation of each category of damages claimed by the disclosing party." HarcoSemco should have updated its disclosures after receiving the evidence needed to compute its damages. However, this error is not prejudicial because HarcoSemco served Malkiewicz's expert report, which includes the computation, on Herber during the discovery period. Further, even if the error were prejudicial, Herber raised this issue so late that the Court cannot implement a remedy without disrupting the entire case schedule. *See NW Pipe Co. v. DeWolff, Boberg & Assocs., Inc.*, No. EDCV 10-0840-GHK, 2012 WL 137585, at *5 (C.D. Cal. Jan. 17, 2012) ("[I]nstead of seeking leave of the Court or taking expert discovery, defendant waited three months before bringing this issue to the Court's attention.")

For these reasons, Herber's motion is **DENIED**. Herber's argument about a potential counterclaim is beyond the scope of its motion. There is no appropriate motion pending to add any new claims.

## II.   CONCLUSION

The Court rules as indicated at the beginning of this Order. As directed at the final pretrial conference, the parties **SHALL** file revised versions of (1) the Proposed Joint Pretrial Conference Order, (2) the Joint Exhibit List, and (3) the Disputed Proposed Jury Instructions. The parties shall file these materials on or before June 30, 2025.

**IT IS SO ORDERED**.